UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET #

| | |
|---|---|
| MICHAEL CAULEY, Executor of the Estate of CAROL CAULEY, and HOLYOKE MUTUAL INSURANCE COMPANY, a/s/o MICHAEL CAULEY, Plaintiffs, <br><br> v. <br><br> HERUSH ELECTRICAL (H.K.) LTD., DE'LONGHI AMERICA, INC. LOWE'S HOME CENTERS, INC., and MICHAEL NORSWORTHY, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS', LOWE'S HOME CENTERS, INC. AND MICHAEL NORSWORTHY, <u>NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT</u>**

Pursuant to the provisions of 28 U.S.C. §§1332(a), 1441(a) and 1446, defendants Lowe's Home Centers, Inc. ("Lowe's") and Michael Norsworthy (misnamed in the caption only) (hereinafter referred to Mr. Norsworthy") hereby gives notice of its removal of this action to the United States District Court for the District of Massachusetts from the Suffolk Superior Court of Massachusetts, and in support thereof respectfully states the following grounds for removal:

**I. STATEMENT OF FACTS**

1. Lowe's and Mr. Norsworthy are defendants in a civil action filed in the Suffolk Superior Court on January 7, 2011, styled as *Michael Cauley, Executor of the Estate of Carol Cauley and Holyoke Mutual Insurance Company, a/s/o Michael Cauley, v. Herush Electrical (H.K.) Ltd., De'Longhi America, Inc., Lowe's Home Centers, Inc. and Michael Newsworthy*, Civil Action No. 11-0088A.

2. In this action, the plaintiffs, Michael Cauley, Executor of the Estate of Carol Cauley and Holyoke Mutual Insurance Company, a/s/o Michael Cauley, have brought wrongful death, conscious pain and suffering, breach of warranty, violations of Mass. Gen. Laws ch. 93A and negligence claims against Herush Electrical (H.K.) Ltd., De'Longhi America, Inc., Lowe's Home Centers, Inc. ("Lowe's") and Michael Norsworthy (misnamed in the caption only as Michael Newsworthy) (hereinafter referred to "Mr. Norsworthy"), arising out of a fire allegedly caused by a space heater.

3. Plaintiffs served the Summons and Complaint upon Mr. Norsworthy on or about February 9, 2011 and on Lowe's on or about February 22, 2011. Copies of the Summons and Complaint are attached as Exhibit "A." At the same time, the plaintiffs served written discovery on the respective defendants, attached as Exhibit "B."

4. On February 28, 2011, Mr. Norsworthy and Lowe's Home Centers, Inc. filed their Answer and Jury Claim to the plaintiffs' Complaint. See Answer attached as Exhibit "C."

5. Lowe's and Mr. Norsworthy's Notice of Removal is filed within thirty (30) days after the receipt of the Summons and Complaint, the initial papers from which it could first be ascertained that the case was one which was or had become removable, and within one (1) year of the commencement of the action, as required by 28 U.S.C. §1446(b).

6. The civil suit was filed in the Suffolk Superior Court of the Commonwealth of Massachusetts. The United States District Court for the District of Massachusetts is therefore the proper forum and venue to which this action may be removed under the provisions of 28 U.S.C. §§101 and 1441(a).

953261v1

7. This Court has original jurisdiction to entertain this action because the only properly joined parties to this case are citizens of different states[1] and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§1332(a), 1441(a). Removal of this action is not prohibited by 28 U.S.C. §1445.

8. The Civil Action Cover Sheet filed with the Suffolk Superior Court alleges damages in an amount $469,982.81. These damages only include funeral expenses and documented property damages and thus do not include other tort and statutory damages the plaintiffs are seeking in this lawsuit. A true copy of the Civil Action Cover Sheet, as received by Lowe's and Mr. Norsworthy, is attached to this Notice of Removal as Exhibit "D."

9. With respect to diversity of citizenship, as asserted in the Complaint, plaintiff Michael Cauley, is an individual domiciled in Massachusetts residing at 56 Halsey Avenue, Wellesley, Massachusetts.

10. As asserted in the Complaint, plaintiff Holyoke Mutual Insurance Company is a organized insurance company license and authorized to conduct business in Massachusetts with a principle place of business in Salem, Massachusetts.

11. Defendant, Lowe's is a foreign corporation organized under the law of North Carolina, with a principal office in Wilkesboro, North Carolina.

12. As asserted in the Complaint, defendant De'Longhi America, Inc., is a foreign corporation organized under the law of Delaware.

13. As asserted in the Complaint, defendant Herush Electrical (H.K.) Ltd. is a foreign corporation, which has a usual business located in Shaukiwan, Hong Kong.

---

[1] *See* Part II, *infra* (setting forth fraudulent joinder argument as to the only non-diverse defendant, Michael Norsworthy).

3

14. Defendant, Michael Norsworthy is an individual residing at 159 Crawford Street, Northborough, MA.

## II. FRAUDULENT JOINDER OF DEFENDANT MICHAEL NORSWORTHY

15. Michael Norsworthy was fraudulently joined to the action. Fraudulent joinder is an exception to the requirement of complete diversity for removal. In Re Pharmaceutical Industry Average Wholesale Price Litigation, 431 F. Supp. 2d 109, 117 (D. Mass. 2006). While the First Circuit has not articulated a definitive standard for evaluating fraudulent joinder claims, it has stated that "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). Federal District Courts sitting in Massachusetts have frequently applied this language and examined whether the plaintiff can possibly establish a cause of action against the non-diverse party in state court. See In Re Pharmaceutical Industry Average Wholesale Price Litigation, supra at 118 (holding defendant must establish that plaintiff "(1) has committed fraud or (2) cannot establish the possibility of a cause of action against the joined party…"); Mills v. Allegiance Healthcare Corporation, 178 F. Supp.2d 1, 8-9 (D. Mass. 2001) (finding discovery to date showed plaintiff could not establish its claim against latex glove manufacturer). The court may use a summary judgment like procedure and consider affidavits and other evidence outside of the pleadings to determine fraudulent joinder. Hart v. Bayer Corp., 199 F. 3d 239, 246-47 (5th Cir. 2000).

16. Plaintiffs' claims for wrongful death, conscious pain and suffering, breach of warranty and negligence against Mr. Norsworthy solely arise out of the fact that Mr. Norsworthy's name was allegedly on the receipt for the space heater at issue, as the "Store Manager" for Lowe's. See Exhibit A, Plaintiffs' Complaint, at ¶ 8, Counts XXII-XXVI.

17. It is well established in Massachusetts that employees of a corporation do not incur personal liability for torts allegedly committed by their employer merely by virtue of their position within the company. Leavit v. Glick Realty Corp., 362 Mass. 370, 374 (1972). Absent a common law or statutory duty, an employee may not be held individually liable to a third person. Lyon v. Morphew, 424 Mass. 828, 832 (1997) (employees are only liable for torts in which they personally participate).

18. Plaintiffs have not asserted any independent action or inaction by Mr. Norsworthy that would give rise to a cause of action. Rather, in their allegations, the plaintiffs' sole basis for the counts against Mr. Norsworthy are found in Paragraph 8 of the Complaint:

> 8. In October 2007, Michael Cauley purchased a De'Longhi Micathermic Flat Panel Radiator, Model Number HHP1500S&B (the "heater"), from a store owned and/or operated by Lowe's and managed by Norsworthy, located at 350 Cochituate Road in Framingham, Massachusetts. The Store Manager is referenced on the receipt for the purchase of the heater, the Store Manager is responsible for day to day operations, including the selection of and stocking of products they wish to make available for sale to the public. As such, Norsworthy owed a duty of due care to the public to select and stock heaters that were free from dangerous defects.

19. Plaintiffs have not made any allegation of any independent act by Mr. Norsworthy that would be a proper basis for a cause of action against him individually.

20. An employee in a supervisory positions who merely performs the general day-to day- maintenance or routine functions, even if on a wide scale basis, does not possess the type of general powers to exercise his judgment and discretion in dealing with corporate matters. See Gleason v. Source Perrier, S.A., 28 Mass. App. Ct. 561, 569 (1990) (determining whether one was a managing agent for purposes of a Rule 30(b)(6) deposition).

21. Here, Mr. Norsworthy is not a proper defendant to this lawsuit as the allegations simply are based on his position as manager of the particular Lowe's store. Mr. Norsworthy does not

5

953261v1

have responsibility for selecting items in the store and has no knowledge of any direction involvement of the heater at issue. See Affidavit of Michael Norsworthy, attached as Exhibit "E."

22. Despite Plaintiffs' efforts, therefore, they simply cannot establish a claim against Mr. Norsworthy, who was merely an employee of Lowe's. As a result, Mr. Norsworthy is fraudulently joined and removal is appropriate. Mills, *supra* at 8-9 (denying plaintiff's motion to remand in product liability action arising from plaintiff's alleged exposure to latex gloves; holding that non-diverse defendant fraudulently joined because plaintiff failed to provide any evidence that plaintiff was ever exposed to latex gloves distributed by non-diverse defendant).

### III. REMOVAL PROCEDURE

23. Pursuant to 28 U.S.C. §1446(d), Lowe's and Mr. Norsworthy will immediately file a notice of the filing of this Notice of Removal (including a copy thereof) with the Clerk of the Suffolk Superior Court of the Commonwealth of Massachusetts.

24. Pursuant to 28 U.S.C. §1447(d) and Local Rule 81.1, Lowe's and Mr. Norsworthy will immediately request that the Clerk of the Suffolk Superior Court of the Commonwealth of Massachusetts provide certified or attested copies of all records and proceedings in the Action and certified or attested copes of all docket entries thereon. Lowe's and Mr. Norsworthy will cause such attested or certified copies of the state court record to be filed with this Court within thirty (30) days hereof as required by Local Rule 81.1.

25. Counsel for Lowe's and Mr. Norsworthy is duly admitted to practice before this Court and signs this Notice of Removal in accordance with the requirements of F.R.C.P. 11.

## IV. CONCLUSION

**WHEREFORE**, Lowe's and Mr. Norsworthy respectfully requests that the above-referenced action now pending in the Suffolk Superior Court of the Commonwealth of Massachusetts be removed from that Court to the United States District Court for the District of Massachusetts.

Defendants,
LOWE'S HOME CENTERS, INC.
MICHAEL NORSWORTHY,
By his attorneys,

*/s/ Grace V.B. Garcia*

Grace V.B. Garcia, BBO#640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

March 7, 2011

### Certificate of Service

I hereby certify that this documents(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 7, 2011

*/s/ Grace V. B. Garcia*

Grace V. B. Garcia

953261v1