# EXHIBIT A

2384-HIRING OFFICE >> (704) 757-0597    28304    13:21 2010-01-01

P  2/14

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-00088-A

Michael Cauley, Executor of the Estate of
Carol Cauley, and Holyoke Mutual , Plaintiff(s)
Insurance Company, a/s/o Michael Cauley

v.



A TRUE COPY ATTEST Kerush Electrical (H.K.) LTD., De'Longhi America,Inc.,
Lowe's Home Centers,Inc. and Michael Norsworthy
, Defendant(s)

DEPUTY SHERIFF

## SUMMONS

Michael Norsworthy
To the above-named Defendant:   159 Crawford St., Northborough, MA

You are hereby summoned and required to serve upon Peter J. Ainsworth, Esq.,
Meehan, Boyle, Black & Bogdanow, P.C.

plaintiff's attorney, whose address is 2 Ctr. Plaza, Ste.600,Boston,MA , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the  February  day of
7th , in the year of our Lord two thousand  eleven 

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

FORM CIV.P. 1 3rd Rev. 10M - 8/09

2384-HIRING OFFICE    P  2    2011-02-10   06:48

1970-01-01 13:21   28304   2384-HIRING OFFICE >> (704) 757-0597

P   3/14

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS.**

**SUPERIOR COURT DEPARTMENT
CIVIL ACTION No1 - 0088**

)
**MICHAEL CAULEY, Executor of the**  )
**Estate of CAROL CAULEY, and**  )
**HOLYOKE MUTUAL INSURANCE**  )
**COMPANY, a/s/o MICHAEL CAULEY,**  )
    **Plaintiffs**  )
)
**v.**  )
)
**HERUSH ELECTRICAL (H.K.) LTD.,**  )
**DE'LONGHI AMERICA, INC.,**  )
**LOWE'S HOME CENTERS, INC., and**  )
**MICHAEL NORSWORTHY,**  )
    **Defendants**  )



## COMPLAINT AND JURY DEMAND

The plaintiffs, Michael Cauley, Executor of the Estate of Carol Cauley, and

Holyoke Mutual Insurance Company a/s/o Michael Cauley, through their attorneys,

hereby allege as follows:

### PARTIES

1.    At all times material hereto, the plaintiff, Michael Cauley, resided at, and

was owner of record of 56 Halsey Avenue, Wellesley, Massachusetts. He is the duly

appointed Executor of the Estate of his late wife, Carol Cauley.

2.    At all times material hereto, the plaintiff subrogee, Holyoke Mutual

Insurance Company ("Holyoke"), was a duly organized insurance company licensed

and authorized to conduct business in the writing of homeowner's insurance within

the Commonwealth of Massachusetts, and with a principal place of business located

at One Holyoke Square in Salem, Massachusetts, and conducted business within

Suffolk County.

2384-HIRING OFFICE   P.3    06:49   2011-02-10

3.    At all times material hereto, defendant Herush Electrical (H.K.) Ltd. ("Herush") was a foreign corporation with a usual of business located at 10/F Mason Industrial Building in A Kung Ngam, Shaukiwan, Hong Kong, which regularly transacted business in the Commonwealth of Massachusetts.

4.    At all times material hereto, defendant De'Longhi America, Inc. ("De'Longhi") was a corporation organized under the laws of the State of Delaware with a usual place of business located at 24 Passaic Street in Woodbridge, New Jersey, which regularly transacted business in the Commonwealth of Massachusetts.

5.    At all times material hereto, defendant Lowe's Home Centers, Inc. ("Lowe's") was a corporation organized under the laws of the State of North Carolina with a usual of business located at 1605 Curtis Bridge Road in Wilkesboro, North Carolina, which was registered to conduct business in the Commonwealth of Massachusetts.

6.    At all times material hereto, defendant Michael Norsworthy ("Norsworthy") was employed by Lowe's as the Store Manager of the Lowe's store located at 350 Cochituate Road in Framingham, Massachusetts. He resides at 159 Crawford Street, Northborough, MA 01532.

### JURISDICTION

7.    Subject matter jurisdiction for this cause of action is conferred upon this Court by virtue of M.G.L. c. 212, § 3 and M.G.L. c. 223A, § 3.

### ALLEGATIONS OF FACT

8.    In October 2007, Michael Cauley purchased a De'Longhi Micathermic Flat Panel Radiator, Model Number HHP1500S&B (the "heater"), from a store owned and/or operated by Lowe's and managed by Norsworthy, located at 350 Cochituate Road in Framingham, Massachusetts. The Store Manager is referenced on the receipt

for the purchase of the heater, the Store Manager is responsible for day to day operations, including the selection of and stocking of products they wish to make available for sale to the public. As such, Norsworthy owed a duty of due care to the public to select and stock heaters that were free from dangerous defects.

9.      Defendants Herush, De'Longhi, Lowe's and Norsworthy (collectively, "defendants"), individually and through their officers, employees, servants and/or agents, designed, engineered, manufactured, distributed and/or sold the heater.

10.     On January 25, 2008, a fire occurred at Michael Cauley's home.

11.     The fire was caused by product defects in the heater.

12.     The fire resulted in the death of Michael Cauley's wife, Carol Cauley.

13.     Prior to her death, Carol Cauley, who was debilitated by Multiple Sclerosis and unable to escape the fire, was caused to consciously endure great pain and suffering, and she and her next of kin were caused to incur significant economic harm including but not limited to medical expenses, loss of earning capacity and funeral and burial expenses.

14.     As a result of the fire, Michael Cauley and other next of kin have suffered and will continue to suffer the loss of Carol Cauley's care, comfort, society, consortium, guidance, advice.

15.     The fire also caused significant damage to the home.

16.     At the time of the fire, Holyoke had issued to Michael Cauley a policy of homeowner's insurance with a policy number of HO 2628591 and with effective dates from October 22, 2007 to October 22, 2008.

17.     In accordance with the governing insurance policy, Holyoke indemnified Michael Cauley for the repair of the damages incurred in the total actual cash value amount of $463,619.00.

18.  As a result, Holyoke is now legally subrogated to the recovery of the aforementioned claim payment from the defendants herein.

## COUNT I

### WRONGFUL DEATH – CAULEY/HERUSH

19.  The plaintiffs repeat and reincorporate paragraphs 1 through 18 as if specifically alleged herein.

20.  Herush owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

21.  Herush breached its duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

22.  The carelessness, negligence and/or gross negligence of Herush was the factual, legal, substantial and proximate cause of Carol Cauley's death.

WHEREFORE, the Plaintiff, Michael Cauley, pursuant to M.G.L. c. 229 §2, the Massachusetts Wrongful Death Act, demands judgment against defendant, Herush, in an amount which will fairly and adequately compensate the next of kin for the decedent's death and all other damages recoverable under said statute together with interest, costs, attorney's fees and such other relief – including punitive damages – as the Court may deem appropriate.

### COUNT II

## CONSCIOUS PAIN AND SUFFERING – CAULEY/HERUSH

23.    The plaintiffs repeat and reincorporate paragraphs 1 through 22 as if specifically alleged herein.

24.    Herush owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

25.    Herush breached its duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

26.    As a result of the defendant's negligence, and/or gross negligence, Carol Cauley was caused to consciously endure great pain, suffering and anguish of mind immediately prior to her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against Defendant, Herush, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

### COUNT III

### NEGLIGENCE – HOLYOKE/HERUSH

27.    The plaintiffs repeat and reincorporate paragraphs 1 through 26 as if specifically alleged herein.

28.    Herush owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular

purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

29.   Herush breached its duty to Michael Cauley by negligently and carelessly designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

30.   The negligence and carelessness of Herush was the factual, legal, substantial and proximate cause of the damage to Michael Cauley's home.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Herush, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT IV

## BREACH OF WARRANTY – CAULEY/HERUSH

31.   The plaintiffs repeat and reincorporate paragraphs 1 through 30 as if specifically alleged herein.

32.   Herush expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

33.   Michael Cauley relied upon the skill, judgment, implied warranty of merchantability and/or other warranties made by Herush regarding the heater.

34.   The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

35.    As a result of Herush's breach of its express and/or implied warranties, Carol Cauley was caused to consciously endure great pain and suffering, and to suffer severe and permanent personal injuries, resulting in her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against defendant, Herush, in a full, fair and just amount together with interest, costs, attorney's fees and such other relief as the Court may deem appropriate.

## COUNT V

### BREACH OF WARRANTY – HOLYOKE/HERUSH

36.    The plaintiffs repeat and reincorporate paragraphs 1 through 35 as if specifically alleged herein.

37.    Herush expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

38.    Michael Cauley relied upon the skill, judgment, implied warranty of merchantability and/or other warranties made by Herush regarding the heater.

39.    The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

40.    As a result of Herush's breach of its express and/or implied warranties, Michael Cauley's home suffered damages.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Herush, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT VI

### M.G.L. c. 93A – CAULEY/HERUSH

41.   The plaintiffs repeat and reincorporate paragraphs 1 through 40 as if specifically alleged herein.

42.   On or about May 14, 2010, counsel for the plaintiff served upon the defendant, Herush, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

43.   The defendant, Herush, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

44.   The defendant, Herush, has made no settlement offer.

WHEREFORE, the plaintiff, Michael Cauley, demands judgment and multiple damages against defendant, Herush, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT VII

### M.G.L. c. 93A – HOLYOKE/HERUSH

45.   The plaintiffs repeat and reincorporate paragraphs 1 through 44 as if specifically alleged herein.

46.   On or about May 17, 2010, counsel for the plaintiff served upon the defendant, Herush, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

2384-HIRING OFFICE >> (704) 757-0597

47.   The defendant, Herush, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

48.   The defendant, Herush, has made no settlement offer.

WHEREFORE, the plaintiff, Holyoke, demands judgment and multiple damages against defendant, Herush, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT VIII

### WRONGFUL DEATH – CAULEY/DE'LONGHI

49.   The plaintiffs repeat and reincorporate paragraphs 1 through 48 as if specifically alleged herein.

50.   De'Longhi owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

51.   De'Longhi breached its duty to Michael Cauley by carelessly, negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

52.   The carelessness, negligence and/or gross negligence of De'Longhi was the factual, legal, substantial and proximate cause of Carol Cauley's death.

WHEREFORE, the Plaintiff, Michael Cauley, pursuant to M.G.L. c. 229 §2, the Massachusetts Wrongful Death Act, demands judgment against defendant, De'Longhi, in an amount which will fairly and adequately compensate the next of kin for the decedent's death and all other damages recoverable under said statute together with

2384-HIRING OFFICE   P 11

interest, costs, attorney's fees and such other relief – including punitive damges – as the Court may deem appropriate.

## COUNT IX

### CONSCIOUS PAIN AND SUFFERING – CAULEY/DE'LONGHI

53.   The plaintiffs repeat and reincorporate paragraphs 1 through 52 as if specifically alleged herein.

54.   De'Longhi owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

55.   De'Longhi breached its duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

56.   As a result of the defendant's negligence, and/or gross negligence, Carol Cauley was caused to consciously endure great pain, suffering and anguish of mind immediately prior to her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against Defendant, De'Longhi, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT X

### NEGLIGENCE – HOLYOKE/DE'LONGHI

57.   The plaintiffs repeat and reincorporate paragraphs 1 through 56 as if specifically alleged herein.

58.   De'Longhi owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

59.   De'Longhi breached its duty to Michael Cauley by negligently and carelessly designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

60.   The negligence and carelessness of De'Longhi was the factual, legal, substantial and proximate cause of the damage to Michael Cauley's home.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, De'Longhi, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XI

### BREACH OF WARRANTY – CAULEY/DE'LONGHI

61.   The plaintiffs repeat and reincorporate paragraphs 1 through 60 as if specifically alleged herein.

62.   De'Longhi expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

63.   Michael Cauley relied upon the skill, judgment, implied warranty of merchantability and/or other warranties made by De'Longhi regarding the heater.

64.   The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

11

65.   As a result of De'Longhi's breach of its express and/or implied warranties, Carol Cauley was caused to consciously endure great pain and suffering, and to suffer severe and permanent personal injuries, resulting in her death.

WHEREFORE, the Plaintiff, Michael Cauley,  demands judgment against defendant, De'Longhi, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XII

### BREACH OF WARRANTY – HOLYOKE/DE'LONGHI

66.   The plaintiffs repeat and reincorporate paragraphs 1 through 65 as if specifically alleged herein.

67.   De'Longhi expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

68.   Michael Cauley relied upon the skill, judgment, implied warranty of merchantability and/or other warranties made by De'Longhi regarding the heater.

69.   The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

70.   As a result of De'Longhi's breach of its express and/or implied warranties, Michael Cauley's home suffered damages.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, De'Longhi, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XIII

### M.G.L. c. 93A – CAULEY/DE'LONGHI

71.   The plaintiffs repeat and reincorporate paragraphs 1 through 70 as if specifically alleged herein.

72.   On or about May 3, 2010, counsel for the plaintiff served upon the defendant, De'Longhi, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

73.   The defendant, De'Longhi, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

74.   The defendant, De'Longhi, has made no settlement offer.

WHEREFORE, the plaintiff, Michael Cauley, demands judgment and multiple damages against defendant, De'Longhi, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

### COUNT XIV

### M.G.L. c. 93A – HOLYOKE/DE'LONGHI

75.   The plaintiffs repeat and reincorporate paragraphs 1 through 74 as if specifically alleged herein.

76.   On or about May 4, 2010, counsel for the plaintiff served upon the defendant, De'Longhi, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

13

77.   The defendant, De'Longhi, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

78.   The defendant, De'Longhi, has made no settlement offer.

WHEREFORE, the plaintiff, Holyoke, demands judgment and multiple damages against defendant, De'Longhi, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT XV

## WRONGFUL DEATH – CAULEY/LOWE'S

79.   The plaintiffs repeat and reincorporate paragraphs 1 through 78 as if specifically alleged herein.

80.   Lowe's owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

81.   Lowe's breached its duty to Michael Cauley by carelessly, negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

82.   The carelessness, negligence and/or gross negligence of Lowe's was the factual, legal, substantial and proximate cause of Carol Cauley's death.

WHEREFORE, the Plaintiff, Michael Cauley, pursuant to M.G.L. c. 229 §2, the Massachusetts Wrongful Death Act, demands judgment against defendant, Lowe's, in an amount which will fairly and adequately compensate the next of kin for the decedent's death and all other damages recoverable under said statute together with

interest, costs, attorney's fees and such other relief – including punitive damages – as the Court may deem appropriate.

### COUNT XVI

### CONSCIOUS PAIN AND SUFFERING – CAULEY/LOWE'S

83. The plaintiffs repeat and reincorporate paragraphs 1 through 82 as if specifically alleged herein.

84. Lowe's owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

85. Lowe's breached its duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

86. As a result of the defendant's negligence, and/or gross negligence, Carol Cauley was caused to consciously endure great pain, suffering and anguish of mind immediately prior to her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against Defendant, Lowe's, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

### COUNT XVII

### NEGLIGENCE – HOLYOKE/LOWE'S

87. The plaintiffs repeat and reincorporate paragraphs 1 through 86 as if specifically alleged herein.

88.   Lowe's owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

89.   Lowe's breached its duty to Michael Cauley by negligently and carelessly designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

90.   The negligence and carelessness of Lowe's was the factual, legal, substantial and proximate cause of the damage to Michael Cauley's home.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Lowe's, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XVIII

## BREACH OF WARRANTY – CAULEY/LOWE'S

91.   The plaintiffs repeat and reincorporate paragraphs 1 through 90 as if specifically alleged herein.

92.   Lowe's expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

93.   Michael Cauley relied upon the skill, judgment, implied warranty of merchantability, and/or other warranties made by Lowe's regarding the heater.

94.   The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

95.   As a result of Lowe's breach of its express and/or implied warranties, Carol Cauley was caused to consciously endure great pain and suffering, and to suffer severe and permanent personal injuries, resulting in her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against defendant, Lowe's, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XIX

## BREACH OF WARRANTY – HOLYOKE/LOWE'S

96.   The plaintiffs repeat and reincorporate paragraphs 1 through 95 as if specifically alleged herein.

97.   Lowe's expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

98.   Michael Cauley relied upon the skill, judgment, implied warranty of merchantability, and/or other warranties made by Lowe's regarding the heater.

99.   The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

100.   As a result of Lowe's breach of its express and/or implied warranties, Michael Cauley's home suffered damages.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Lowe's, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

1970-01-01 13:27  28305   2384-HIRING OFFICE >> (704) 757-0597   P 6/30

## COUNT XX

### M.G.L. c. 93A – CAULEY/LOWE'S

101.  The plaintiffs repeat and reincorporate paragraphs 1 through 100 as if specifically alleged herein.

102.  On or about May 3, 2010, counsel for the plaintiff served upon the defendant, Lowe's, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

103.  The defendant, Lowe's, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

104.  The defendant, Lowe's, has made no settlement offer.

WHEREFORE, the plaintiff, Michael Cauley, demands judgment and multiple damages against defendant, Lowe's, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT XXI

### M.G.L. c. 93A – HOLYOKE/LOWE'S

105.  The plaintiffs repeat and reincorporate paragraphs 1 through 104 as if specifically alleged herein.

106.  On or about May 4, 2010, counsel for the plaintiff served upon the defendant, Lowe's, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

2384-HIRING OFFICE   P 20/44   06:55   2011-02-10

107.  The defendant, Lowe's, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

108.  The defendant, Lowe's, has made no settlement offer.

WHEREFORE, the plaintiff, Holyoke, demands judgment and multiple damages against defendant, Lowe's, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT XXII

### WRONGFUL DEATH – CAULEY/NORSWORTHY

109.  The plaintiffs repeat and reincorporate paragraphs 1 through 108 as if specifically alleged herein.

110.  Norsworthy owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

111.  Norsworthy breached his duty to Michael Cauley by carelessly, negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

112.  The carelessness, negligence and/or gross negligence of Norsworthy was the factual, legal, substantial and proximate cause of Carol Cauley's death.

WHEREFORE, the Plaintiff, Michael Cauley, pursuant to M.G.L. c. 229 §2, the Massachusetts Wrongful Death Act, demands judgment against defendant, Norsworthy, in an amount which will fairly and adequately compensate the next of kin for the decedent's death and all other damages recoverable under said statute together

with interest, costs, attorney's fees and such other relief – including punitive damages – as the Court may deem appropriate.

## COUNT XXIII

### CONSCIOUS PAIN AND SUFFERING – CAULEY/NORSWORTHY

113.   The plaintiffs repeat and reincorporate paragraphs 1 through 112 as if specifically alleged herein.

114.   Norsworthy owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

115.   Norsworthy breached his duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

116.   As a result of the defendant's negligence, and/or gross negligence, Carol Cauley was caused to consciously endure great pain, suffering and anguish of mind immediately prior to her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against Defendant, Norsworthy, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XXIV

### NEGLIGENCE – HOLYOKE/NORSWORTHY

117.   The plaintiffs repeat and reincorporate paragraphs 1 through 116 as if specifically alleged herein.

118.   Norsworthy owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

119.   Norsworthy breached his duty to Michael Cauley by negligently and carelessly designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

120.   The negligence and carelessness of Norsworthy was the factual, legal, substantial and proximate cause of the damage to Michael Cauley's home.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Norsworthy, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XXV

### BREACH OF WARRANTY – CAULEY/NORSWORTHY

121.   The plaintiffs repeat and reincorporate paragraphs 1 through 120 as if specifically alleged herein.

122.   Norsworthy expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

123.   Michael Cauley relied upon the skill, judgment, implied warranty of merchantability, and/or other warranties made by Norsworthy regarding the heater.

124.   The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

21

125.   As a result of Norsworthy's breach of its express and/or implied warranties, Carol Cauley was caused to consciously endure great pain and suffering, and to suffer severe and permanent personal injuries, resulting in her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against defendant, Norsworthy, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

### COUNT XXVI

### BREACH OF WARRANTY – HOLYOKE/NORSWORTHY

126.   The plaintiffs repeat and reincorporate paragraphs 1 through 125 as if specifically alleged herein.

127.   Norsworthy expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

128.   Michael Cauley relied upon the skill, judgment, implied warranty of merchantability, and/or other warranties made by Norsworthy regarding the heater.

129.   The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

130.   As a result of Norsworthy breach of its express and/or implied warranties, Michael Cauley's home suffered damages.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Norsworthy, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## JURY DEMAND

The plaintiffs, Michael Cauley, Executor of the Estate of Carol Cauley, and

Holyoke Mutual Insurance Company a/s/o Michael Cauley, hereby demand a trial by

jury on all issues so triable.

Respectfully submitted,

Plaintiff, Michael Cauley,
By his Attorneys,

**MEEHAN, BOYLE, BLACK &
BOGDANOW, P.C.**

Peter J. Black (044407)
Peter J. Ainsworth (658704)
Two Center Plaza, Suite 600
Boston, MA 02108
(617) 523-8300
pblack@meehanboyle.com

Plaintiff, Holyoke Mutual Insurance
Company a/s/o Michael Cauley,
By its Attorneys,

**CLARK, HUNT, AHERN & EMBRY**

Diane Swierczynski (544310)
55 Cambridge Parkway
Cambridge, MA  02142
(617) 494-1920
dianes@chelaw.com

Dated January 7, 2011

23

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

NO. 11-00088-A

Michael Cauley, Executor of the Estate of
Carol Cauley, and Holyoke Mutual Insurance Plaintiff(s)
Company, a/s/o Michael Cauley

v.

Herush Electrical (H.K.) Ltd., De'Longhi America, Inc.,
Lowe's Home Centers, Inc., and Michael Norsworthy , Defendant(s)

## SUMMONS

Lowe's Home Centers, Inc.

To the above-named Defendant: c/o Registered Agent: Corporation Service Company,
84 State Street, Boston, MA  02109
You are hereby summoned and required to serve upon Peter J. Ainsworth, Esq.
Meehan, Boyle, Black & Bogdanow, P.C.

plaintiff's attorney, whose address is 2 Ctr. Plaza, Ste.600, Boston, MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 7th day of February , in the year of our Lord two thousand eleven .

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy. Attest:

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 8/09

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS.**

**SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 1 - 0 0 8 8**

MICHAEL CAULEY, Executor of the      )
Estate of CAROL CAULEY, and          )
HOLYOKE MUTUAL INSURANCE             )
COMPANY, a/s/o MICHAEL CAULEY,       )
    Plaintiffs                       )
                                     )
v.                                   )
                                     )
HERUSH ELECTRICAL (H.K.) LTD.,       )
DE'LONGHI AMERICA, INC.,             )
LOWE'S HOME CENTERS, INC., and       )
MICHAEL NORSWORTHY,                  )
    Defendants                       )
                                     )

RECEIVED

JAN 07 2011

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

### COMPLAINT AND JURY DEMAND

The plaintiffs, Michael Cauley, Executor of the Estate of Carol Cauley, and

Holyoke Mutual Insurance Company a/s/o Michael Cauley, through their attorneys,

hereby allege as follows:

### PARTIES

1.     At all times material hereto, the plaintiff, Michael Cauley, resided at, and

was owner of record of 56 Halsey Avenue, Wellesley, Massachusetts.  He is the duly

appointed Executor of the Estate of his late wife, Carol Cauley.

2.     At all times material hereto, the plaintiff subrogee, Holyoke Mutual

Insurance Company ("Holyoke"), was a duly organized insurance company licensed

and authorized to conduct business in the writing of homeowner's insurance within

the Commonwealth of Massachusetts, and with a principal place of business located

at One Holyoke Square in Salem, Massachusetts, and conducted business within

Suffolk County.

3.     At all times material hereto, defendant Herush Electrical (H.K.) Ltd. ("Herush") was a foreign corporation with a usual of business located at 10/F Mason Industrial Building in A Kung Ngam, Shaukiwan, Hong Kong, which regularly transacted business in the Commonwealth of Massachusetts.

4.     At all times material hereto, defendant De'Longhi America, Inc. ("De'Longhi") was a corporation organized under the laws of the State of Delaware with a usual place of business located at 24 Passaic Street in Woodbridge, New Jersey, which regularly transacted business in the Commonwealth of Massachusetts.

5.     At all times material hereto, defendant Lowe's Home Centers, Inc. ("Lowe's") was a corporation organized under the laws of the State of North Carolina with a usual of business located at 1605 Curtis Bridge Road in Wilkesboro, North Carolina, which was registered to conduct business in the Commonwealth of Massachusetts.

6.     At all times material hereto, defendant Michael Norsworthy ("Norsworthy") was employed by Lowe's as the Store Manager of the Lowe's store located at 350 Cochituate Road in Framingham, Massachusetts. He resides at 159 Crawford Street, Northborough, MA 01532.

## JURISDICTION

7.     Subject matter jurisdiction for this cause of action is conferred upon this Court by virtue of M.G.L. c. 212, § 3 and M.G.L. c. 223A, § 3.

## ALLEGATIONS OF FACT

8.     In October 2007, Michael Cauley purchased a De'Longhi Micathermic Flat Panel Radiator, Model Number HHP1500S&B (the "heater"), from a store owned and/or operated by Lowe's and managed by Norsworthy, located at 350 Cochituate Road in Framingham, Massachusetts. The Store Manager is referenced on the receipt

for the purchase of the heater, the Store Manager is responsible for day to day operations, including the selection of and stocking of products they wish to make available for sale to the public. As such, Norsworthy owed a duty of due care to the public to select and stock heaters that were free from dangerous defects.

9.      Defendants Herush, De'Longhi, Lowe's and Norsworthy (collectively, "defendants"), individually and through their officers, employees, servants and/or agents, designed, engineered, manufactured, distributed and/or sold the heater.

10.     On January 25, 2008, a fire occurred at Michael Cauley's home.

11.     The fire was caused by product defects in the heater.

12.     The fire resulted in the death of Michael Cauley's wife, Carol Cauley.

13.     Prior to her death, Carol Cauley, who was debilitated by Multiple Sclerosis and unable to escape the fire, was caused to consciously endure great pain and suffering, and she and her next of kin were caused to incur significant economic harm including but not limited to medical expenses, loss of earning capacity and funeral and burial expenses.

14.     As a result of the fire, Michael Cauley and other next of kin have suffered and will continue to suffer the loss of Carol Cauley's care, comfort, society, consortium, guidance, advice.

15.     The fire also caused significant damage to the home.

16.     At the time of the fire, Holyoke had issued to Michael Cauley a policy of homeowner's insurance with a policy number of HO 2628591 and with effective dates from October 22, 2007 to October 22, 2008.

17.     In accordance with the governing insurance policy, Holyoke indemnified Michael Cauley for the repair of the damages incurred in the total actual cash value amount of $463,619.00.

18.    As a result, Holyoke is now legally subrogated to the recovery of the aforementioned claim payment from the defendants herein.

## COUNT I

## WRONGFUL DEATH – CAULEY/HERUSH

19.    The plaintiffs repeat and reincorporate paragraphs 1 through 18 as if specifically alleged herein.

20.    Herush owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

21.    Herush breached its duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

22.    The carelessness, negligence and/or gross negligence of Herush was the factual, legal, substantial and proximate cause of Carol Cauley's death.

WHEREFORE, the Plaintiff, Michael Cauley, pursuant to M.G.L. c. 229 §2, the Massachusetts Wrongful Death Act, demands judgment against defendant, Herush, in an amount which will fairly and adequately compensate the next of kin for the decedent's death and all other damages recoverable under said statute together with interest, costs, attorney's fees and such other relief – including punitive damages – as the Court may deem appropriate.

## COUNT II

4

## CONSCIOUS PAIN AND SUFFERING – CAULEY/HERUSH

23.    The plaintiffs repeat and reincorporate paragraphs 1 through 22 as if specifically alleged herein.

24.    Herush owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

25.    Herush breached its duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

26.    As a result of the defendant's negligence, and/or gross negligence, Carol Cauley was caused to consciously endure great pain, suffering and anguish of mind immediately prior to her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against Defendant, Herush, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT III

## NEGLIGENCE – HOLYOKE/HERUSH

27.    The plaintiffs repeat and reincorporate paragraphs 1 through 26 as if specifically alleged herein.

28.    Herush owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular

purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

29.    Herush breached its duty to Michael Cauley by negligently and carelessly designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

30.    The negligence and carelessness of Herush was the factual, legal, substantial and proximate cause of the damage to Michael Cauley's home.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Herush, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT IV

### BREACH OF WARRANTY – CAULEY/HERUSH

31.    The plaintiffs repeat and reincorporate paragraphs 1 through 30 as if specifically alleged herein.

32.    Herush expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

33.    Michael Cauley relied upon the skill, judgment, implied warranty of merchantability and/or other warranties made by Herush regarding the heater.

34.    The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

35. As a result of Herush's breach of its express and/or implied warranties, Carol Cauley was caused to consciously endure great pain and suffering, and to suffer severe and permanent personal injuries, resulting in her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against defendant, Herush, in a full, fair and just amount together with interest, costs, attorney's fees and such other relief as the Court may deem appropriate.

## COUNT V

### BREACH OF WARRANTY – HOLYOKE/HERUSH

36. The plaintiffs repeat and reincorporate paragraphs 1 through 35 as if specifically alleged herein.

37. Herush expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

38. Michael Cauley relied upon the skill, judgment, implied warranty of merchantability and/or other warranties made by Herush regarding the heater.

39. The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

40. As a result of Herush's breach of its express and/or implied warranties, Michael Cauley's home suffered damages.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Herush, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

7

## COUNT VI

### M.G.L. c. 93A – CAULEY/HERUSH

41.    The plaintiffs repeat and reincorporate paragraphs 1 through 40 as if specifically alleged herein.

42.    On or about May 14, 2010, counsel for the plaintiff served upon the defendant, Herush, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

43.    The defendant, Herush, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

44.    The defendant, Herush, has made no settlement offer.

WHEREFORE, the plaintiff, Michael Cauley, demands judgment and multiple damages against defendant, Herush, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT VII

### M.G.L. c. 93A – HOLYOKE/HERUSH

45.    The plaintiffs repeat and reincorporate paragraphs 1 through 44 as if specifically alleged herein.

46.    On or about May 17, 2010, counsel for the plaintiff served upon the defendant, Herush, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

47.   The defendant, Herush, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

48.   The defendant, Herush, has made no settlement offer.

WHEREFORE, the plaintiff, Holyoke, demands judgment and multiple damages against defendant, Herush, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT VIII

### WRONGFUL DEATH – CAULEY/DE'LONGHI

49.   The plaintiffs repeat and reincorporate paragraphs 1 through 48 as if specifically alleged herein.

50.   De'Longhi owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

51.   De'Longhi breached its duty to Michael Cauley by carelessly, negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

52.   The carelessness, negligence and/or gross negligence of De'Longhi was the factual, legal, substantial and proximate cause of Carol Cauley's death.

WHEREFORE, the Plaintiff, Michael Cauley, pursuant to M.G.L. c. 229 §2, the Massachusetts Wrongful Death Act, demands judgment against defendant, De'Longhi, in an amount which will fairly and adequately compensate the next of kin for the decedent's death and all other damages recoverable under said statute together with

interest, costs, attorney's fees and such other relief – including punitive damges – as the Court may deem appropriate.

## COUNT IX

### CONSCIOUS PAIN AND SUFFERING – CAULEY/DE'LONGHI

53.    The plaintiffs repeat and reincorporate paragraphs 1 through 52 as if specifically alleged herein.

54.    De'Longhi owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

55.    De'Longhi breached its duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

56.    As a result of the defendant's negligence, and/or gross negligence, Carol Cauley was caused to consciously endure great pain, suffering and anguish of mind immediately prior to her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against Defendant, De'Longhi, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT X

### NEGLIGENCE – HOLYOKE/DE'LONGHI

57.    The plaintiffs repeat and reincorporate paragraphs 1 through 56 as if specifically alleged herein.

58.    De'Longhi owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

59.    De'Longhi breached its duty to Michael Cauley by negligently and carelessly designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

60.    The negligence and carelessness of De'Longhi was the factual, legal, substantial and proximate cause of the damage to Michael Cauley's home.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, De'Longhi, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XI

## BREACH OF WARRANTY – CAULEY/DE'LONGHI

61.    The plaintiffs repeat and reincorporate paragraphs 1 through 60 as if specifically alleged herein.

62.    De'Longhi expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

63.    Michael Cauley relied upon the skill, judgment, implied warranty of merchantability and/or other warranties made by De'Longhi regarding the heater.

64.    The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

11

65.     As a result of De'Longhi's breach of its express and/or implied warranties, Carol Cauley was caused to consciously endure great pain and suffering, and to suffer severe and permanent personal injuries, resulting in her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against defendant, De'Longhi, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XII

### BREACH OF WARRANTY – HOLYOKE/DE'LONGHI

66.     The plaintiffs repeat and reincorporate paragraphs 1 through 65 as if specifically alleged herein.

67.     De'Longhi expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

68.     Michael Cauley relied upon the skill, judgment, implied warranty of merchantability and/or other warranties made by De'Longhi regarding the heater.

69.     The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

70.     As a result of De'Longhi's breach of its express and/or implied warranties, Michael Cauley's home suffered damages.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, De'Longhi, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

12

## COUNT XIII

### M.G.L. c. 93A – CAULEY/DE'LONGHI

71.    The plaintiffs repeat and reincorporate paragraphs 1 through 70 as if specifically alleged herein.

72.    On or about May 3, 2010, counsel for the plaintiff served upon the defendant, De'Longhi, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

73.    The defendant, De'Longhi, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

74.    The defendant, De'Longhi, has made no settlement offer.

WHEREFORE, the plaintiff, Michael Cauley, demands judgment and multiple damages against defendant, De'Longhi, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT XIV

### M.G.L. c. 93A – HOLYOKE/DE'LONGHI

75.    The plaintiffs repeat and reincorporate paragraphs 1 through 74 as if specifically alleged herein.

76.    On or about May 4, 2010, counsel for the plaintiff served upon the defendant, De'Longhi, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

13

77. The defendant, De'Longhi, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

78. The defendant, De'Longhi, has made no settlement offer.

WHEREFORE, the plaintiff, Holyoke, demands judgment and multiple damages against defendant, De'Longhi, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT XV

## WRONGFUL DEATH – CAULEY/LOWE'S

79. The plaintiffs repeat and reincorporate paragraphs 1 through 78 as if specifically alleged herein.

80. Lowe's owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

81. Lowe's breached its duty to Michael Cauley by carelessly, negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

82. The carelessness, negligence and/or gross negligence of Lowe's was the factual, legal, substantial and proximate cause of Carol Cauley's death.

WHEREFORE, the Plaintiff, Michael Cauley, pursuant to M.G.L. c. 229 §2, the Massachusetts Wrongful Death Act, demands judgment against defendant, Lowe's, in an amount which will fairly and adequately compensate the next of kin for the decedent's death and all other damages recoverable under said statute together with

interest, costs, attorney's fees and such other relief – including punitive damages – as the Court may deem appropriate.

## COUNT XVI

## CONSCIOUS PAIN AND SUFFERING – CAULEY/LOWE'S

83.    The plaintiffs repeat and reincorporate paragraphs 1 through 82 as if specifically alleged herein.

84.    Lowe's owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

85.    Lowe's breached its duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

86.    As a result of the defendant's negligence, and/or gross negligence, Carol Cauley was caused to consciously endure great pain, suffering and anguish of mind immediately prior to her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against Defendant, Lowe's, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XVII

## NEGLIGENCE – HOLYOKE/LOWE'S

87.    The plaintiffs repeat and reincorporate paragraphs 1 through 86 as if specifically alleged herein.

88.    Lowe's owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

89.    Lowe's breached its duty to Michael Cauley by negligently and carelessly designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

90.    The negligence and carelessness of Lowe's was the factual, legal, substantial and proximate cause of the damage to Michael Cauley's home.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Lowe's, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XVIII

### BREACH OF WARRANTY – CAULEY/LOWE'S

91.    The plaintiffs repeat and reincorporate paragraphs 1 through 90 as if specifically alleged herein.

92.    Lowe's expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

93.    Michael Cauley relied upon the skill, judgment, implied warranty of merchantability, and/or other warranties made by Lowe's regarding the heater.

94.    The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

95.    As a result of Lowe's breach of its express and/or implied warranties, Carol Cauley was caused to consciously endure great pain and suffering, and to suffer severe and permanent personal injuries, resulting in her death.

WHEREFORE, the Plaintiff, Michael Cauley,  demands judgment against defendant, Lowe's, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XIX

### BREACH OF WARRANTY – HOLYOKE/LOWE'S

96.    The plaintiffs repeat and reincorporate paragraphs 1 through 95 as if specifically alleged herein.

97.    Lowe's expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

98.    Michael Cauley relied upon the skill, judgment, implied warranty of merchantability, and/or other warranties made by Lowe's regarding the heater.

99.    The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

100.    As a result of Lowe's breach of its express and/or implied warranties, Michael Cauley's home suffered damages.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Lowe's, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XX

### M.G.L. c. 93A – CAULEY/LOWE'S

101.  The plaintiffs repeat and reincorporate paragraphs 1 through 100 as if specifically alleged herein.

102.  On or about May 3, 2010, counsel for the plaintiff served upon the defendant, Lowe's, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

103.  The defendant, Lowe's, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

104.  The defendant, Lowe's, has made no settlement offer.

WHEREFORE, the plaintiff, Michael Cauley, demands judgment and multiple damages against defendant, Lowe's, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## COUNT XXI

### M.G.L. c. 93A – HOLYOKE/LOWE'S

105.  The plaintiffs repeat and reincorporate paragraphs 1 through 104 as if specifically alleged herein.

106.  On or about May 4, 2010, counsel for the plaintiff served upon the defendant, Lowe's, a so-called Chapter 93A demand letter, making demand for settlement of plaintiff's claims based upon the aforementioned negligence, gross negligence and breach of warranty, which constituted unfair and deceptive trade practices.

107.   The defendant, Lowe's, was on actual notice of the product defects in the heater, making its violation of Chapter 93A knowing and willful.

108.   The defendant, Lowe's, has made no settlement offer.

WHEREFORE, the plaintiff, Holyoke, demands judgment and multiple damages against defendant, Lowe's, pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

<u>**COUNT XXII**</u>

**WRONGFUL DEATH – CAULEY/NORSWORTHY**

109.   The plaintiffs repeat and reincorporate paragraphs 1 through 108 as if specifically alleged herein.

110.   Norsworthy owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

111.   Norsworthy breached his duty to Michael Cauley by carelessly, negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

112.   The carelessness, negligence and/or gross negligence of Norsworthy was the factual, legal, substantial and proximate cause of Carol Cauley's death.

WHEREFORE, the Plaintiff, Michael Cauley, pursuant to M.G.L. c. 229 §2, the Massachusetts Wrongful Death Act, demands judgment against defendant, Norsworthy, in an amount which will fairly and adequately compensate the next of kin for the decedent's death and all other damages recoverable under said statute together

with interest, costs, attorney's fees and such other relief – including punitive damages – as the Court may deem appropriate.

## COUNT XXIII

### CONSCIOUS PAIN AND SUFFERING – CAULEY/NORSWORTHY

113.   The plaintiffs repeat and reincorporate paragraphs 1 through 112 as if specifically alleged herein.

114.   Norsworthy owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

115.   Norsworthy breached his duty to Michael Cauley by carelessly and negligently and/or grossly negligently designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

116.   As a result of the defendant's negligence, and/or gross negligence, Carol Cauley was caused to consciously endure great pain, suffering and anguish of mind immediately prior to her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against Defendant, Norsworthy, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XXIV

### NEGLIGENCE – HOLYOKE/NORSWORTHY

117.   The plaintiffs repeat and reincorporate paragraphs 1 through 116 as if specifically alleged herein.

118.   Norsworthy owed Michael Cauley a duty to design, engineer, manufacture, distribute and/or sell the heater so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

119.   Norsworthy breached his duty to Michael Cauley by negligently and carelessly designing, engineering, manufacturing, distributing and/or selling the heater, which was unreasonably dangerous, defectively designed, defectively manufactured and/or lacked adequate instructions, warnings, safeguards and/or protective devices and by failing to otherwise use due care.

120.   The negligence and carelessness of Norsworthy was the factual, legal, substantial and proximate cause of the damage to Michael Cauley's home.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Norsworthy, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XXV

## BREACH OF WARRANTY – CAULEY/NORSWORTHY

121.   The plaintiffs repeat and reincorporate paragraphs 1 through 120 as if specifically alleged herein.

122.   Norsworthy expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

123.   Michael Cauley relied upon the skill, judgment, implied warranty of merchantability, and/or other warranties made by Norsworthy regarding the heater.

124.   The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

125.  As a result of Norsworthy's breach of its express and/or implied warranties, Carol Cauley was caused to consciously endure great pain and suffering, and to suffer severe and permanent personal injuries, resulting in her death.

WHEREFORE, the Plaintiff, Michael Cauley, demands judgment against defendant, Norsworthy, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## COUNT XXVI

### BREACH OF WARRANTY – HOLYOKE/NORSWORTHY

126.  The plaintiffs repeat and reincorporate paragraphs 1 through 125 as if specifically alleged herein.

127.  Norsworthy expressly and/or impliedly warranted that the heater was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

128.  Michael Cauley relied upon the skill, judgment, implied warranty of merchantability, and/or other warranties made by Norsworthy regarding the heater.

129.  The heater was not of merchantable quality and was unfit, unsafe and unusable for the ordinary purposes for which it was intended and used.

130.  As a result of Norsworthy breach of its express and/or implied warranties, Michael Cauley's home suffered damages.

WHEREFORE, the plaintiff, Holyoke, demands judgment against defendant, Norsworthy, in a full, fair and just amount, together with interest and costs, and for such other relief as the Court may deem appropriate.

## JURY DEMAND

The plaintiffs, Michael Cauley, Executor of the Estate of Carol Cauley, and

Holyoke Mutual Insurance Company a/s/o Michael Cauley, hereby demand a trial by

jury on all issues so triable.

Respectfully submitted,

Plaintiff, Michael Cauley,
By his Attorneys,

MEEHAN, BOYLE, BLACK &
BOGDANOW, P.C.

Peter J. Black (044407)
Peter J. Ainsworth (658704)
Two Center Plaza, Suite 600
Boston, MA 02108
(617) 523-8300
pblack@meehanboyle.com


Plaintiff, Holyoke Mutual Insurance
Company a/s/o Michael Cauley,
By its Attorneys,

CLARK, HUNT, AHERN & EMBRY

Diane Swierczynski (544310)
55 Cambridge Parkway
Cambridge, MA  02142
(617) 494-1920
dianes@chelaw.com

Dated January 7, 2011

23