UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10387-RGS

MICHAEL CAULEY, EXECUTOR OF THE ESTATE OF
CAROL CAULEY AND HOLYOKE MUTUAL INSURANCE
COMPANY, A/S/O MICHAEL CAULEY

v.

HERUSH ELECTRICAL (H.K.) LTD., DE'LONGHI
AMERICA, INC., LOWE'S HOME CENTERS, INC.
AND MICHAEL NORSWORTHY

ORDER ON MOTION TO REMAND

April 25, 2011

STEARNS, D.J.

This wrongful death/products liability case was originally filed in the Massachusetts Superior Court on January 7, 2011. Defendants Lowe's Home Centers, Inc. (Lowe's) and Michael Norsworthy removed the case to this court on March 7, 2011.[1] Cauley asks for remand of the case to the Superior Court, asserting that defendants: "(1) failed to obtain the consent of all defendants for the removal; and (2) failed to satisfy [their] heavy burden of proving that there is no possibility that the

---

[1] While Norsworthy is a Massachusetts citizen and non-diverse from plaintiff Michael Cauley, co-defendants contend that Norsworthy "is not a proper defendant to this lawsuit as the allegations are simply based on his position as manager of the particular Lowe's store." Notice of Removal ¶ 21.

plaintiff would be able to establish a cause of action against Norsworthy in state court." Pl. Mem. at 1. Although conceding that their Notice of Removal failed to note unanimous consent, defendants Lowe's and Norsworthy insist that they had obtained the consent of all defendants prior to filing the Notice. Lowe's and Norsworthy swear by way of affidavit that on February 22, 2011, and February 28, 2011, respectively, they received the written consent of Herush Electrical (H.k.) Ltd., and De'longhi America, Inc., to remove the case. *See* Garcia Aff. ¶¶ 5-7. Lowe's and Norsworthy point out that 28 U.S.C. § 1446, which regulates the procedure for removal, does not explicitly require that the parties' consent be declared in the removal notice. Lowe's and Norsworthy argue that the "court has power to deem the removal proper even if 'consent' to the removal was not explicit in the Notice to Remove if such consent is shown in another manner." *See Esposito v. Home Depot U.S.A., Inc.*, 590 F. 3d 72 (1st Cir. 2009),

Under the removal statute, a state court defendant may remove the action to federal court so long as the plaintiff could have originally filed the action in federal court. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002). *See also* 28 U.S.C. § 1441 (permitting removal of cases where the federal court would have had "original jurisdiction"). Where a plaintiff has sued multiple defendants in state court, each defendant must consent to the removal. *See Esposito,* 590 F.3d at 75 ("an

2

'all for one and one for all' rule applies with respect to removal"), citing *Chicago, Rock Island & Pac. Ry. Co.*, 178 U.S. 245, 247-248 (1900). "Although it is not required that all the defendants sign the [removal] petition to manifest consent, 'that consent must be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days.'" *St. John v. CBE Group, Inc.*, 2011 WL 613741, at *2 (D. Mass. Feb. 11, 2011), quoting *Frankston v. Denniston,* 376 F. Supp. 2d 35, 38 (D. Mass. 2005). While the majority of courts hold that a defendant's consent to removal must be in writing, the First Circuit has identified an answer as an acceptable form of written consent if coupled with an opposition to the motion to remand. *Esposito*, 590 F.3d at 77 ("[E]ven assuming that Home Depot's answer failed to satisfy the unanimity requirement, resulting in a technical defect in the removal process, the defect was subsequently cured when Home Depot opposed Esposito's remand motion, thereby clearly communicating its desire to be in federal court.") . The First Circuit stated its disinclination to "establish a wooden rule" which does "not serve the purposes of the unanimity requirement" and would "place form before function." *Id*. at 76-77, citing 11C Wright, Miller & Cooper, *Federal Practice and Procedure* § 3739 ("[T]he preferable result seems to be to continue to allow procedural defects in the removal procedure be cured so the removed action can remain in federal court. A contrary conclusion does not seem consistent with the statutory character of the removal right

3

and seems too technical.").

However, the courts are in accord that removal statutes must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *Esposito*, 590 F.3d at 77. *See also Abdelnour v. Bassett Custom Boatworks, Inc.*, 614 F. Supp. 2d 123, 126 (D.Mass. 2009) (Section 1447(c) "must be strictly construed and any doubt concerning federal jurisdiction must be resolved in favor of state court jurisdiction."). The omitted defendants have failed to independently signify their consent to removal either by way of an answer, by a joining of the opposition to the motion to remand, or a notice of consent. Consequently, the motion to remand is ALLOWED.[2]

                                      SO ORDERED.

                                      /s/ Richard G. Stearns
                                      _____
                                        UNITED STATES DISTRICT JUDGE

---

[2] No substantial litigation has occurred in this court. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir.1998) (denying remand where the parties had invested "valuable resources" in pursuing the litigation in federal court).